UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW MICHAEL CHANDLER
WOLFE,

       Plaintiff,

v.                                           Case No.:  2:18-cv-730-FtM-38UAM

PATRICIA BELL, CAPE CORAL
POLICE DEPARTMENT and
CHRISTY JO ELLIS,

       Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Matthew Wolfe's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) filed on October 31, 2018.  No response has been filed.

## BACKGROUND

Plaintiff, a pretrial detainee, was held in the Lee County Jail filed this Complaint under 42 U.S.C. § 1983 alleging that officers of the Cape Coral Police Department violated his Constitutional rights.[2]  Plaintiff alleges that on December 8, 2017, Officer Patricia Bell showed his wife information from his cell phone about his other relationships

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] On April 19, 2019, Plaintiff filed a Notice of Change of Address. (Doc. 13).  Plaintiff is currently incarcerated in the Collier County, Florida, Jail.

and turned his wife against him. On December 21, 2017, Plaintiff says that Detective Christy Jo Ellis drafted a search warrant against him using false information. Plaintiff alleges that the Cape Coral Police Department violated his constitutional rights because its officers are not properly trained. Plaintiff states he wants to bring criminal charges if available against the Defendants.

## STANDARD OF REVIEW

The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6) apply to dismissals under § 1915A and § 1915(e)(2)(b)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1319-20 (11th Cir. 2008) (internal citation omitted). "While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 444, 555 (2007). "Factual

2

allegations must be enough to raise a right to relief about the speculative level." *Id.* at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is appropriate if the facts as pled fail to state a claim for relief that is "plausible on its face." *Id.* (internal quotation marks omitted). Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that he defendant is liable for the misconduct alleged." *Id.*

And § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke*, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has "little or no chance of success," *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). This Court knows it must liberally construe a *pro se* complaint. *Douglas*, 535 F.3d at 1319-20 (internal citation omitted). This liberal construction does not give a court license to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Invs., Inc. v. Cnty. of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by, *Aschroft v. Iqbal*, 556 U.S. 662 (2009).

## DISCUSSION

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and

3

(2) such deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).

Here, Plaintiff's Complaint makes conclusory allegations without the factual basis to support his claims. Plaintiff simply states Detective Ellis provided false information in a search warrant but does not say what information was false. And his claim that Officer Bell violated his constitutional rights because she turned his wife against him by showing her evidence of his other relationships is frivolous and without merit.

Plaintiff further asks the Court to bring criminal charges against Defendants. Plaintiff cannot move this Court to initiate criminal proceedings against any party. This is not a cognizable § 1983 claim. "It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." *Ellen v. Stamm*, 951 F.2d 359 (9th Cir. 1991); *Maine v. Taylor*, 477 U.S. 131, 137 (1986) ("[P]rivate parties, and perhaps even separate sovereigns, have no legally cognizable interest in the prosecutorial decisions of the Federal Government"); *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"). Plaintiff's request this Court press criminal charges against Defendants will be dismissed with prejudice.

Taking the allegations of the complaint as true and construing them in the light most favorable to Plaintiff, they fail to state an actionable § 1983 claim against any Defendant. Plaintiff's Motion to Proceed *In Forma Pauperis* is due to be denied and his Complaint dismissed with leave to amend.

Plaintiff is cautioned that his amended complaint must comply with the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly,* 128 S. Ct. at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).

Additionally, Plaintiff must name as Defendants only those persons responsible for the alleged constitutional violations. Plaintiff should succinctly state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s). Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for

the actions and/or omissions of others but can only be held responsible if she participated in the deprivation of Plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Matthew Wolfe's Motion for Leave to Proceed *In Forma Pauperis* (Doc.2) is **DENIED**.

(2) Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(3) Plaintiff's Request for Criminal Charges is **DISMISSED with prejudice**.

(4) Plaintiff may file an amended complaint within **FOURTEEN (14) DAYS** of the date of this Order. Failure to file an amended complaint as directed will result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of May 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record